# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50309 | **DATE** | 1/23/2012 |
| **CASE TITLE** | Peterson v. Bay Valley Foods, LLC | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to dismiss [5] is granted. This case is closed.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, Sandra Peterson, filed a complaint against defendant, Bay Valley Foods, LLC, alleging generally that defendant violated her human rights and public policy by retaliating against her for contacting the Equal Employment Opportunity Commission ("EEOC"). Plaintiff does not explicitly state the statute(s) under which she brings her claim, but appears to allege unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) and the Illinois Human Rights Act, 775 ILCS 6-101(A) ("IHRA"). Now before the court is defendant's uncontested motion to dismiss. For the following reasons, defendant's motion is granted.

### I. BACKGROUND

Plaintiff was hired by defendant in or about August 1982. In her most recent position, plaintiff was employed as a lab technician. Plaintiff alleges that she performed all of the terms, conditions, and requirements of her position in a satisfactory manner. On or about May 18, 2010, plaintiff contacted the EEOC regarding defendant's refusal to shut down a faulty "Bosch," which was causing plaintiff and other employees to become ill. According to plaintiff, in or about July 2010, despite her satisfactory performance, she was terminated in retaliation for contacting the EEOC. Plaintiff filed a complaint with the Illinois Department of Human Rights ("IDHR") alleging that she was harassed during her employment and that she was retaliated against for complaining about the harassment.

### II. ANALYSIS

When deciding a defendant's motion to dismiss, a court accepts all of the well-pleaded allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009). To state a claim under the Federal Rules, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." Id. at 1950. Documents attached to a complaint are considered part of the complaint pursuant to Rule 10(c). Fed. R. Civ. P. 10(c).

**STATEMENT**

Defendant filed an uncontested motion to dismiss, arguing that plaintiff's allegations exceed the scope of the "Charge of Discrimination" plaintiff filed with the IDHR and attached to her complaint, and that plaintiff has failed to state a claim upon which relief can be granted for retaliation under either Title VII or the IHRA. When a plaintiff fails to respond substantively to a defendant's arguments for dismissal, she forfeits any argument she may have had against dismissal. See Lekas v. Briley, 405 F.3d 602, 614-15 (7th Cir. 2005) (concluding that where plaintiff "did not present legal arguments or cite relevant authority to substantiate [his] claim in responding to defendants' motion to dismiss," his "claim has been waived"); Strasky v. Cummins Engine Co., Inc., 51 F.3d 1329, 1335 (7th Cir. 1995) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants." (citation omitted)).

Defendant's argument that the allegations of plaintiff's complaint go beyond the scope of the Charge of Discrimination is well taken. The EEOC and IDHR have a work sharing agreement, such that plaintiff's Charge of Discrimination was also the basis of her EEOC claim. See Garcia v. Vill. of Mount Prospect, 360 F.3d 630, 642-43 n.13 (7th Cir. 2004). Generally, a plaintiff "cannot bring a claim in a Title VII or IHRA lawsuit that was not previously alleged in an [EEOC] or IDHR administrative charge." McQueen v. City of Chi., ___ F. Supp. 2d ___, No. 09 C 2048, 2011 WL 1113192, at *6 (N.D. Ill. Mar. 23, 2011). A Title VII and IHRA plaintiff need not allege each and every fact that combines to form the basis of her claim in her complaint, but there must be a reasonable relationship between the allegations in the charge and the claims in the complaint, such that the claim in the complaint would reasonably be expected to grow out of an EEOC or IDHR investigation of the allegations in the charge. Id. "An EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals." Romaniszak-Sanchez v. Int'l Union of Operating Eng'rs, Local 150, 121 F. App'x 140, 146 (7th Cir. 2005) (quotation marks omitted).

Here, there is no reasonable relationship between the allegations in plaintiff's Charge of Discrimination and the claims in her complaint. The Charge of Discrimination states that defendant retaliated against plaintiff for complaining to defendant about harassment, whereas the complaint states that the retaliation was a result of plaintiff complaining to the EEOC about faulty equipment. The Charge of Discrimination and the complaint, then, do not describe the same conduct or implicate the same individuals. Rather, both the recipient of plaintiff's comments and the nature of those comments differ, such that the Charge of Discrimination could not have put defendant on notice of plaintiff's claim. Compare Smith v. CNA Fin. Corp., No. 10 C 4505, 2011 WL 1557871, at *8 (N.D. Ill. Apr. 25, 2011) (finding that the "scope of the charge" doctrine precluded plaintiff's age discrimination claims because her EEOC charge alleged that her employer discriminated against her on the basis of race); Torres v. Alltown Bus Servs., Inc., No. 05 C 2435, 2008 WL 4542959, at *3 (N.D. Ill. 2008) (finding that plaintiff's claim of race discrimination was outside the scope of his EEOC charge where the EEOC charge stated that plaintiff's employment was terminated on the basis of his age, national origin and disability).

Even if the court were to consider plaintiff's retaliation claim, however, defendant's contention that plaintiff failed to sufficiently allege that she engaged in a protected activity under Title VII or the IHRA is also well taken. Necessary to a prima facie case of retaliation under either Title VII or the IHRA is that the plaintiff engaged in a protected activity such as the filing of a charge of discrimination or other opposition to discriminatory activity. Peters v. Renaissance Hotel Operating Co., 307 F.3d 535, 550 (7th Cir. 2002); All Purpose Nursing Serv. v. Ill. Human Rights Comm'n, 205 Ill. App. 3d 816, 826 (1990); 775 ILCS 5/6-101(A). Plaintiff's call to the EEOC to report a faulty Bosch was not a protected activity under Title VII or the IHRA because no reasonable person could have believed that an employer's refusal to fix faulty equipment, standing alone, was a violation of Title VII or the IHRA.

Title VII makes it an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national

**STATEMENT**

origin, or to limit, segregate, or classify his employees or applicants for employment for the same reasons. 42 U.S.C. § 2000e-2. Similarly, the IHRA makes it unlawful for an employer "to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment" on the basis of race, color, religion, national origin, ancestry, age, sex, marital status, order of protection status, disability, military status, sexual orientation, or unfavorable discharge from military service. 775 ILCS 5/2-102(A). Plaintiff's claim that the Bosch was faulty and causing problems did not identify a protected class or implicate any employment practice by defendant that was affected by the deficiency, such that no reasonable person could conclude that defendant's failure to fix the Bosch violated Title VII or the IHRA. Plaintiff's call to the EEOC, therefore, cannot serve as a basis for a Title VII or IHRA retaliation claim, and so her claim must be dismissed.

### III. CONCLUSION

Defendant's motion to dismiss is granted. Plaintiff's claim of retaliation is outside the scope of her Charge of Discrimination, and plaintiff has failed to state a claim for retaliation under either Title VII or the IHRA. This case is closed.